### KING *v*. MOORE.

#### Opinion delivered October 8, 1904.

PARTNERSHIP—RIGHT OF MEMBER TO SUE.—A member of a partnership who has a minor son in the employ of the firm cannot bring an action at law against his co-partners to recover the value of the services performed by such son.

Appeal from Polk Circuit Court.

WILL P. FEAZEL, Judge.

Reversed and remanded.

#### STATEMENT BY THE COURT.

O. S. Moore brought this action against C. A. & M. G. King to recover the sum of $264.13, which he claimed that the defendants were due him for work and labor performed for them by him and his minor son. The defendants denied that they ever owed the plaintiff in any sum, and further stated that plaintiff and themselves were partners engaged in the mill business, and that the labor performed by plaintiff and his minor son for which he sued was performed for the firm of which plaintiff was a member, and that he on that account could not maintain his action. On the question of whether the plaintiff was a member of the firm

for which the work was performed, there was conflict in the evidence, and the court stated the law to the jury as follows, towit:

"The jury are instructed that, notwithstanding they may find from the evidence in this case that the plaintiff and the defendants were partners  *  *  *,  still the individual partners are liable for the entire indebtedness of the partnership, and the plaintiff can recover in his own right against his copartners for the wages of his minor son."

The court further told the jury that if the plaintiff and defendant were partners the plaintiff could not recover anything except the wages of his minor son. The jury thereupon returned a verdict for $60.33, that being the amount the plaintiff claimed as wages of his son.

The defendants saved exceptions in apt time, and appealed.

*J. I. Alley* and *S. A. Downs,* for appellant.

The court erred in its instructions to the jury. Sand. & H. Dig., § 3568; 66 Ark. 413.

RIDDICK, J. (after stating the facts). There is only one question in this case. Can a member of a partnership, who has a minor son in the employ of the firm of which he is a member, bring an action at law and recover the value of the services performed by his son against his co-partners? The amount due the partner by the firm for the services of his minor son is a partnership debt, and while the business of the firm is still unsettled, it cannot be told what portion of this debt is due from any one partner. Until the partnership accounts have been settled, it is not a debt of either of the partners, but of the firm. The only action that can be maintained between partners upon a partnership transaction before a settlement of the partnership affairs is a suit for an accounting. 15 Enc. Plead. & Prac. 1012 to 1017.

We see no distinction between this debt of the firm to the plaintiff for the services of his son and the debt of the firm to him for his own services, so far as the right to sue the firm is concerned. They are both debts which the firm owes him, and for which he can get credit in an action for an accounting between the partners.

We are of the opinion, for the reasons stated, that the court erred in instructing the jury, and that defendants are entitled to

a new trial. As there was conflict in the evidence on the question whether the plaintiff and defendants were partners, the judgment will be reversed and the cause will be remanded for new trial on the whole case.